**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL COHEN ) | 3:06-cv-0510-ECR (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| LARRY ARNOLD, *et al.*, ) | |
| Defendants. ) | February 5, 2008 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for emergency injunction (#13). Defendants opposed (#15) and plaintiff replied (#18). Also before the court is defendants' motion to dismiss (#21). Plaintiff did not file a motion in opposition. The court has thoroughly reviewed the record and the motions and recommends that defendants' motion to dismiss (#21) be granted and plaintiff's motion for preliminary injunction (#13) denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Russell Cohen ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#10). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights, as well as his rights pursuant to 18 U.S.C. §§ 241 and 242 (#8). Plaintiff names as defendants Larry Arnold, Northern Nevada Correctional Center ("NNCC") Sergeant; James Baca, Nevada State Prison ("NSP") Assistant Warden; James Benedetti, NNCC Assistant Warden; Ronald Centric, NNCC Physician; Bill Donat, NSP Warden; Harland Embree, NNCC Mental Health Professional; Randy Halligan, former NNCC Assistant Warden; Donald Helling, NNCC Warden; Doctor Spero, NNCC Physician; Doctor Roger, NSP Physician; "New" NNCC Assistant Warden; NNCC Director of Nursing; NSP Director of Nursing; NNCC John/Jane Doe Nurses 1-6; and NNCC John/Jane Doe

1  Correctional Officers 1-6. *Id*.

2  Plaintiff filed this action on September 27, 2006 (#1), and after screening, the court
3  ordered plaintiff's complaint filed on February 13, 2007 (#8). On June 1, 2007, defendants filed
4  the current motion to dismiss (#21). The court issued its standard *Klingele* order on June 4, 2007,
5  informing plaintiff of his responsibilities in responding to a dispositive motion (#22). On June
6  29, 2007, the plaintiff requested an extension of time to file an opposition (#27). The court
7  granted plaintiff an extension of time until August 13, 2007 (#29). Plaintiff did not file an
8  opposition.

9  During this same time frame, NDOC banned possession of all typewriters by inmates at
10 ESP due to security concerns. On April 5, 2007, plaintiff filed a motion for an emergency
11 injunction, claiming that ESP officials had illegally seized his typewriter (#13). Defendants
12 opposed (#15) and plaintiff replied (#18). On June 20, 2007, defendants filed a motion to stay
13 with regard to plaintiff's motion for emergency injunction because defendants had filed a separate
14 declaratory judgment action to resolve the typewriter issue (#26). On July 31, 2007, the court
15 granted defendants' motion to stay with regard to plaintiff's motion for injunction until after the
16 court issued its decision in case number 3:07-CV-0266-LRH (RAM) (#29). On November 30,
17 2007, the court lifted the stay (#30).

18 In the November 30, 2007 order, the court *sua sponte* granted plaintiff a second extension
19 of time until December 14, 2007 to file a motion in opposition to defendants' motion to dismiss.
20 *Id*. The order stated that the court would grant no further extensions of time and that defendants'
21 motion to dismiss would be submitted to the court unopposed should plaintiff fail to file a
22 response. *Id*. To date, plaintiff has not filed a motion in opposition to defendants' motion to
23 dismiss.

24 The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
25 appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
26 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988);
27 *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
28 ///

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to dismiss standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994). For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Pursuant to section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### B. Analysis

Generally, plaintiff claims that he was held in NNCC's mental health unit on "suicide watch" from January 23 to January 30, 2006, against his will and without treatment (#8). Plaintiff alleges that defendants previously ignored an emergency grievance in which plaintiff threatened suicide. *Id*. He further alleges that while on suicide watch, defendants denied him access to the courts, would not let him speak with his family and friends, denied him the right to go before a federal judge on a habeas petition, denied him access to his legal and personal mail, read his legal mail, and would not process his outgoing mail. *Id*. Plaintiff further claims defendants put him on suicide watch only in retaliation for filing grievances, and that defendants acted with deliberate indifference during this time by not giving him medical treatment. Finally, plaintiff claims that the NNCC mental health unit itself is unconstitutional and "unethical in its treatment which borders on torture, toiorment [sic], and abuse of the inmates." *Id*.

Defendants argue that plaintiff failed to exhaust his administrative remedies (#21). The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

3

1  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
2  such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).
3  Although once within the discretion of the district court, the exhaustion of administrative
4  remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Even when the
5  prisoner seeks remedies not available in the administrative proceedings, notably money damages,
6  exhaustion is still required prior to filing suit. *Id*. at 741. The Supreme Court has strictly
7  construed section 1997e(a). *Id*., n.6 ("[w]e will not read futility or other exceptions into statutory
8  exhaustion requirements where Congress has provided otherwise").

9        The NDOC grievance procedure is governed by Administrative Regulation ("AR") 740
10 (#21, Exhibit D). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an
11 informal review process; (2) a first level formal written grievance appealing the informal
12 grievance decision to the warden; and (3) a second level grievance appealing the first level
13 grievance decision, which is decided by the Assistant Director of Operations. *Id*. An inmate
14 grieving a civil rights violation must file his informal grievance within six months of an alleged
15 incident. *Id*. The inmate must file the first and second level appeals within five days of receiving
16 the decision he is appealing. *Id*. The prison has twenty-five days to respond to grievances at each
17 level. *Id*.

18       The evidence reveals that plaintiff filed an informal grievance on March 9, 2006,
19 complaining that he had been improperly admitted and detained on suicide watch from January
20 23 to January 31, 2006. *Id*., Exhibit B, Grievance No. 2006-24-3797. On March 28, 2006,
21 defendants denied plaintiff's grievance stating, "You were admitted to and housed in the mental
22 health unit in accordance with procedures, after you were considered a threat to yourself due to
23 suicide attempts and the threat of suicide." *Id*. On April 7, 2006, plaintiff checked "inmate
24 disagrees," and signed the grievance response. *Id*. On May 26, 2006, claiming that he had been
25 denied a copy of his informal grievance until that day, plaintiff filed a first level appeal. *Id*.,
26 Exhibit C. Defendants denied the grievance and stated, "ESP staff report that you did receive a
27 copy of this grievance when you signed for it. Therefore, you failed to file an appeal in a timely
28 manner, i.e. you exceeded time frames. This (act or lack) constitutes abandonment. Therefore

no further response is forthcoming." *Id*. Defendants do not include a second level response, but plaintiff alleged in his complaint that defendants' second level response was "You filed the 1st level late and the grievance was deemed abandoned per AR 740" (#8, p. 19).

The evidence demonstrates that plaintiff failed to file his first level grievance in a timely manner.[1] Moreover, the Local Rules of Practice for the District of Nevada provide that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Since plaintiff failed to oppose defendants' motion to dismiss, the court concludes that plaintiff consents to defendants' argument that he failed to exhaust his administrative remedies. The court grants defendants' motion to dismiss.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies. As such, the court recommends that defendants' motion to dismiss (#21) be **GRANTED** and plaintiff's motion for an emergency injunction (#13) be **DENIED AS MOOT**. All other pending motions are also **DENIED AS MOOT**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[1] Although plaintiff makes the argument in his first level grievance that he was not given a copy of the informal grievance, and therefore, was not able to appeal in a timely manner, because plaintiff did not file an opposition to defendants' motion to dismiss, the court has no evidence before it to support plaintiff's contention.

5

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#21) be **GRANTED** and plaintiff's motion for an emergency injunction (#13) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that all other pending motions also be **DENIED AS MOOT**.

DATED: February 5, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**